Benson, J.
delivered the opinion of the court. Admitting the payment of the 40 cents to Clark to have beeh properly pleaded, the defendant could not, under this notice, prove a payment beyond that sum. If the action had been in debt, the plaintiff as to that plea might have entered a nolle prosequi as to the 40 cents, and prayed final judgment for the residue. In the present case, he might have made the like entry, and then prayed interlocutory judgment, and he would have been equally entitled to the residue on an assessment of damages (a)
*210 , Besides, the defendant could not, under this notice., set off any demand founded on mutual dealings between -him and the payee of the note, who is not a party to- the suit. The act allowing a set-off in such cases, applies only to the parties themselves.(b)
. Independent of the pleadings, the endorsee of a negotiable noté cannot be affected by any. dealings between the -original parties. This rule is essential to the credit of such paper. - There áre exceptions to the rule; where a note has been unfairly obtained, or dishonored, or endorsed when overdue; In such cases, the holder stands in the place óf the antecedent parties, and is liable to meet every defence which- might equitably be made against" him. But in general, he is not liable to such defence.(c)
Judgment for the plaintiff.

 “Where the defendant chooses to give notice of his set off, instead of pleading it, such notice may be given together with the plea of the general issue, in those actions in which such issue may be pleaded, or with the plea of nil debet to an action of debt on judgment, or in the action of covenant, with a plea denying the execution of the instrument on which the plaintiff" has declared. (2 R. S. 355, § 20.)
“ By the Revised Laws of 1813, which were in force at the time the Revised Statutes were adopted, the notice of set off was required to be given with a plea of the general issue. Doubts having arisen under this section of the statute, whether non est factum in covenant, and nil debet in debt on judgment, were pleas of the general issue, the above section was introduced into the revised statutes to place the matter beyond all question. (See Rev. Notes; 8 Johns. R. 82 , 1 Stark. N. P. Rep. 311. Bab. on Set Off, 76.)
“ As there is nothing in the statute restricting the defendant’s right to take advantage of his set off by giving notice. thereof, to cases where the general issue alone is pleaded, it seems clear that such notice may be given where several pleas are pleaded ; (Bab. on Set Off, 78. Coulson v. Jones, 6 Esp. Ni. Pri. Rep. 50. But see Webber v. Venn, Ry. & Moo. 413 ; S. C. 2 Car. & P. 310 ;) although it is said to be the more usual course, in England, Where there is another special plea on the record, to plead the set off. (Bab on Set Off, 78.) The Revised Statutes allow the defendant in any action to plead as many several matters as he shall think necessary for his defence; subject to the power of the court to compel him to elect by which plea he will abide, in cases where he pleads inconsistent pleas. (2 R. S. 352, § 9.) But a construction of the section relative to notices of offset which should prevent a defendant from giving such notice where he pleads other pleas than the general issue, would operate as a restriction upon this right to plead double; and cannot therefore, as it seems to us, be correct. Had it been the intention of the legislature thus to narrow down the rights of defendants, it *210 would probably have prohibited them, in express terms, from pleading double where they chose to give notice of set off; or from giving notice of set off in connection with any other plea than the general issue.” Barbour.dh- Set Off, 172, 173. '

 2 R. S. 2d edit. 278, § 32. It is clhar from the report of the principal. case that the noté was transferred, before it became due.

 Johnson v. Bloodgood, supra, 51, 54, n. (a)